**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 15, 2019
Decided July 3, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-2187

| | |
|---|---|
| RODNEY JENSEN, et al.,<br>    *Plaintiffs- Appellants*, | Appeal from the United States District<br>Court for the Eastern District of Wisconsin |
| *v.* | No. 2:18-CV-00046-LA |
| VILLAGE OF MOUNT PLEASANT, et al.,<br>    *Defendants-Appellees*. | Lynn Adelman,<br>*Judge*. |

**O R D E R**

The court heard oral argument in this appeal on January 15, 2019. Plaintiffs-appellants are Rodney Jensen and Catherine Jensen, who allege that the Village of Mount Pleasant used eminent domain to take their property not for public use but for private use in violation of the Fifth Amendment. Appellants sought an injunction to prevent the taking. The district court applied controlling circuit law interpreting *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), and granted the Village's motion to dismiss. Plaintiffs' claims were not ripe because they had not exhausted their state law remedies for the alleged unconstitutional takings.

On appeal, appellants asked us to reconsider our interpretation of *Williamson County* and to follow other circuits by holding that the ripeness requirement does not bar the federal district court from hearing takings claims seeking an injunction on the theory that the property would be taken for private rather than public use. At the time of argument, the Supreme Court had granted certiorari in a case challenging *Williamson County* more broadly, so we have held this case pending action by the Supreme Court.

In *Knick v. Township of Scott*, 139 S. Ct. —, 2019 WL 2552486 (2019), the Supreme Court overruled the broader ripeness holding of *Williamson County*. Property owners may now bring takings claims under 42 U.S.C. § 1983 upon the taking of private property, without first exhausting state law remedies.

Accordingly, the May 2, 2018 judgment of the district court order is hereby VACATED, and this case REMANDED to the United States District Court for the Eastern District of Wisconsin for further proceedings consistent with the Supreme Court's opinion in *Knick v. Township of Scott*.